IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14-CR-15-WKW |
| | ) | [WO] |
| TRACY MITCHELL | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Tracy Mitchell's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 567.) The Government filed a response in opposition. (Doc. # 575.) For the reasons that follow, the motion is due to be denied.

### I. BACKGROUND

Ms. Mitchell was a leader in a massive identity theft conspiracy involving the filing of thousands of fraudulent income tax returns with stolen identities. She pleaded guilty to charges of conspiracy, wire fraud, and aggravated identify theft. In August 2015, she was sentenced to 159 months (Doc. # 399), later reduced to 135 months (Doc. # 538), and is serving her sentence in Aliceville Federal Correctional Institution in Aliceville, Alabama. Ms. Mitchell requests compassionate release under § 3582(c)(1)(A)(i) because of the current COVID-19 pandemic. (Doc. # 567.)

## II.  DISCUSSION

**A.   Ms. Mitchell has exhausted her administrative rights.**

The First Step Act of 2018, Pub. L. No. 115-391, modified § 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release, but only "after [the defendant] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A) (alterations added).  Exhaustion is a "mandatory condition." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

Ms. Mitchell has submitted documentation indicating that, on May 17, 2020, she requested a compassionate release from the warden.  Her request went unanswered for thirty days prior to her filing this motion with the court.  (Docs. # 567-1, 567-2.)  The Government agrees with Ms. Mitchell that she has exhausted her administrative rights.  The court, thus, proceeds to the merits of Ms. Mitchell's motion.

**B.   Ms. Mitchell has not demonstrated "extraordinary and compelling reasons" warranting a sentence reduction.**

Pursuant to § 3582(c)(1)(A)(i), a district court may grant a motion for modification of sentence (*e.g.*, compassionate release) where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issues by the Sentencing Commission."

§ 3582(c)(1)(A)(i).  As to precisely what reasons meet the threshold under § 3582(c)(1)(A)(i),

> Congress has never defined "extraordinary and compelling" in the compassionate release context and instead directed the United States Sentencing Commission to describe which circumstances qualify. *See* 28 U.S.C. § 994(t). The "applicable policy statement" with which relief under § 3582(c)(1)(A) must be consistent is U.S.S.G. § 1B1.13 cmt. n.1. In that policy statement, the Sentencing Commission provides three types of specific circumstances that would entitle a defendant to relief: (A) a medical condition of the defendant substantially reduces his ability to provide self-care in prison, (B) the advanced age of the defendant, and (C) the defendant's family circumstances. In apparent acknowledgment that the three enumerated circumstances would not capture all situations where compassionate release is appropriate, the Commission also included a 'catchall' provision where the Director of the BOP finds "other reasons" exist that are "extraordinary and compelling." U.S.S.G. § 1B1.13 cmt. n.1(D).

*United States v. McCall*, No. 2:18CR95-MHT, 2020 WL 2992197, at *2 (M.D. Ala. June 4, 2020). The catchall provision gives authority to the Bureau of Prisons ("BOP"), rather than to the courts, to determine whether non-enumerated reasons may warrant release. However, this provision has not been updated since the passage of the First Step Act, which expanded § 3582(c)(1)(A) to permit prisoners to bring motions on their own behalf. *See id.* at *6–7. In general, though, the defendant has the burden to show circumstances meeting the test for a reduction of sentence. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *see also United States v. Heromin*, No. 8:11-CR-550-T-335PF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (applying this burden of proof after the implementation of the First Step Act).

3

The questions of whether potential COVID-19 exposure may, under some circumstances, present an extraordinary and compelling reason to grant release and whether the catchall provision still limits the court's authority in light of its inconsistency with subsequent statutory amendments need not be decided at present. Even if both questions were answered in Ms. Mitchell's favor, her motion would still be denied.

Defendant, who is 51 years old, asserts that she has hypertension and anemia and is obese with a BMI of 35. (Doc. # 567-1, at 1.) The Centers for Disease Control and Prevention ("CDC") has found that individuals who are obese (defined as a "body mass index [BMI] of 30 or higher") "are at increased risk of severe illness from COVID-19," and the CDC has identified hypertension (high blood pressure) as a health condition that "might" put individuals "at an increased risk for severe illness from COVID-19." *See* Coronavirus Disease 2019 (COVID-19): People of Any Age with Underlying Medical Conditions, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html? (last reviewed Sept. 14, 2020). Ms. Mitchell has submitted images of three of her prescription labels, dated January 22, 2020 (Doc. # 567-4, at 5), but these images, without any accompanying explanation, do not reflect the conditions, or the severity of the conditions, for which they are prescribed. However, the Government submitted additional medical records from May 2019 indicating that two of those prescriptions are for treating her hypertension (benign

4

essential) and anemia. (Doc. # 575-3, at 2.) Additionally, a letter dated May 20, 2020, from a physician who treated Ms. Mitchell during her incarceration states that, while Ms. Mitchell has chronic health conditions (hypertension and anemia), "[u]p to now these conditions have been successfully managed by medications." (Doc. # 575-2.)

The court "do[es] not dismiss the risk of harm that COVID-19 poses to everyone, including the inmates at [FCI Aliceville]." *Swain v. Junior*, 958 F.3d 1081, 1090 (11th Cir. 2020) (alterations added). But "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison . . . cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The court also is sympathetic to the fact that Ms. Mitchell appears to have medical conditions that place her at a greater risk to suffer adverse effects should she contract COVID-19, as well as to her concern of a COVID-19 outbreak at her facility. As of the date of this order, the BOP reports that, at FCI Aliceville, which houses 1,081 inmates, there are sixteen active inmate cases of COVID-19. *See* COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (select "Full breakdown and additional details") (last updated Sept. 14, 2020). There is no evidence that Ms. Mitchell has had exposure to COVID-19 while incarcerated, and the evidence reflects that her medical conditions are being monitored and treated by healthcare professionals. *See United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *5

(D. Ariz. Nov. 8, 2019) (denying compassionate release and noting that "[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release").

On this record, Ms. Mitchell has not shown "extraordinary and compelling reasons" warranting her early release from prison. § 3582(c)(1)(A).

## C. The 18 U.S.C. § 3553(a) factors do not warrant granting Ms. Mitchell an early release from prison.

Before granting a sentence reduction, the court also must consider the factors in 18 U.S.C. § 3553(a), if applicable, and determine whether they support reduction. § 3583(c)(1)(A). *United States v. Mollica*, No. 2:14-CR-329-KOB, 2020 WL 2811504, at *2 (N.D. Ala. May 29, 2020) ("[Section] 3582 requires that a court contemplating a sentence reduction consider the § 3553(a) factors where applicable." (citing § 3582(c)(1)(A)). While Ms. Mitchell is to be commended for the steps she has taken to better herself in prison (*see, e.g.*, Doc. # 567-4), release from prison under § 3582(c)(1)(A) also is not warranted in light of the § 3553(a) factors.

First, as already discussed, Ms. Mitchell has not demonstrated that the health professionals at FCI Aliceville are unable to provide her adequate medical care for her diagnosed conditions. *See United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying a motion for compassionate release to an inmate at FPC Montgomery in part based on the § 3553(a) factors and

6

the absence of evidence "that the prison is unable to meet [the inmate's] medical needs") (citing § 3553(a)(2)(D)).

Second, the nature and circumstances of Ms. Mitchell's offenses and her history and characteristics do not favor release. *See* § 3553(a)(1). The multiple offenses underlying Ms. Mitchell's convictions are serious crimes that financially and emotionally damaged the lives of dozens, if not thousands, of individuals. (*See, e.g.,* Doc. # 372-1 (Victim Impact Statements)); *see* Doc. # 394 (Presentence Investigation Report, at 17, ¶ 57).)

Third, under § 3553(a)(2), Ms. Mitchell's release at this time would undercut the gravity of her offenses, would diminish public respect for the law, and would fail to protect the public from additional crimes of Ms. Mitchell. Overall, the balancing of the § 3553(a) factors does not justify Ms. Mitchell's release.

### III.  CONCLUSION

Ms. Mitchell has failed to demonstrate "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) to support her early release from prison. Additionally, the § 3553(a) factors weigh against her early release. Accordingly, it is ORDERED that Ms. Mitchell's motion (Doc. # 567) is DENIED.

DONE this 14th day of September, 2020.

                                            /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE